UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyrone L. Ponder, Jr.,<br>Plaintiff,<br><br>v.<br><br>Hire Quest, LLC, and Gulf Stream<br>Construction Company, Inc.,<br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1.  This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2.  All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a.  A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b.  Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 18, 2022.

   c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3.  Plaintiff, Tyrone L. Ponder, Jr., is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.  Defendant, Hire Quest, LLC, upon information and belief, is a foreign corporation organized in the State of Florida and operating and doing business in the County of Charleston, State of South Carolina.

6.  Defendant, Gulf Stream Construction Company, Inc., upon information and belief, is a domestic corporation organized, operating, and doing business in the County of Charleston, State of South Carolina.

7.   Defendant Hire Quest, LLC employed the Plaintiff by providing pay, benefits, leave, supervision, Human Resources support, and by having the ability to terminate the Plaintiff. Defendant Gulf Stream Construction Company, Inc. also employed the plaintiff as a "joint employer" by providing direct supervision of the Plaintiff, training on how to perform his job functions, providing all tools and machinery necessary to perform his job functions, and by having the ability to terminate the Plaintiff.

8.   Defendants are "persons" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   Defendants are industries that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. On or about April 29, 2019, the Plaintiff, an African American, was placed by Defendant Hire Quest, LLC at Defendant Gulf Stream Construction Company, Inc. to work on a temporary basis.   At all times, the Plaintiff was efficient and effective in his job.

13. During Plaintiff's employment with Defendants, he was subjected to racial discrimination due to Plaintiff being an African American.

14. Plaintiff's foreman, Joey Roumillat, would constantly make racial remarks to Plaintiff. Mr. Roumillat would call out to the entire crew "come on now niggers," and would refer to Plaintiff and other African American employees as "black asses."  Plaintiff told Mr. Roumillat that the comments were inappropriate, but Mr. Roumillat did not stop.

15. Plaintiff went to someone at Defendant Hire Quest, LLC, his supervisor, Marvin Estes, and even Defendant Gulf Stream Construction Company, Inc.'s Human Resources to report the racial remarks on multiple occasions.

16. On or about August 26, 2019, Plaintiff again reported the racial remarks to Defendant Gulf Stream Construction Company, Inc.'s Human Resources, because Mr. Roumillat was taunting the Plaintiff with his confederate flag tattoo.

17. Another of Plaintiff's supervisors, Lee Shoemaker, told Plaintiff that he should beat Plaintiff's ass for reporting Mr. Roumillat and then told Plaintiff that he was a coward for reporting the racial remarks.

18. On or about August 28, 2019, Plaintiff was terminated in retaliation for reporting the racial discrimination.

19. Defendants retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

20. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts of racial discrimination and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

21. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22. The Plaintiff being a member of a protected group on the basis of his race.  The Plaintiff was terminated based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

23. The Defendants stated reasons for wrongful discharge were mere pretext for the discrimination against Plaintiff based on his race.

24. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.  In failing to continue to employ Plaintiff due to his race;

   b.  In demonstrating a pattern of discriminatory treatment towards African American by making disparaging remarks to those who were in a protected class; and

   c.  In retaliating against the Plaintiff for engaging in protected activity.

25. In failing to protect the Plaintiff from racial discrimination, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

26. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination to exist in the workplace.

27. The Plaintiff's race and reporting of discrimination were the determining factors in the wrongful discharge of the Plaintiff.  But for the Plaintiff's race he would not have been terminated.

28. As a direct and proximate result of the Defendants' discrimination on the basis of race and reporting the discrimination, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

29. The Defendants' discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

30. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

38. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

39. That as alleged above, plaintiff complained to the Defendants on several occasions about racial discrimination.

40. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

41. That shortly after making said complaints, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

42. The Defendants' stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on him engaging in protected activity.

43. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of racial discrimination, he would not have been terminated.

44. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

45. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

46. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

4

47. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

48. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

49. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

### REQUEST FOR RELIEF

56. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

57.  Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1.  Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2.  Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.  Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4.  Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5.  Judgment in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.        Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 s/ *Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
September 22, 2022